Gilbert CRUZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–91–020–CR.

Court of Appeals of Texas, Corpus Christi.

March 19, 1992.

Ricardo Oscar Carrillo, Asst. Dist. Atty., Jaime E. Carrillo, Kingsville, for appellant.

Grant Jones, Dist. Atty., James D. Rosenkild, Asst. Dist. Atty., Corpus Christi, for appellee.

Before GILBERTO HINOJOSA, KENNEDY, and DORSEY, JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

A jury convicted Cruz of murder. The jury assessed his punishment at confinement for seventy-five years and a $5,000.00 fine. We affirm.

The evidence at trial showed that appellant did not get along with Jose Manuel Zuniga, his sister's husband. In fact, he had been convicted of stabbing Zuniga several years earlier. Appellant was paroled for this crime not long before the murder occurred.

Before the murder, appellant's sister and Zuniga had a fight. She went to her mother's house. Appellant was also there. After working that day, Zuniga went to the house and sat in the car-port with his mother and father-in-law, wife, and two sisters-in-law. Appellant learned that Zuniga was present. Cruz then walked out of the house and shot Zuniga several times. Zuniga died immediately thereafter.

Appellant's first point of error complains that the trial court erred in admitting an autopsy report over appellant's hearsay ob-

jection, citing *Cole v. State*, No. 1179–87, (Tex.Crim.App., Nov. 14, 1990, *reh'g granted*) (not yet reported), 1990 WL 176357. His second point complains that we must reverse his conviction because without the autopsy report, there is no evidence establishing that appellant killed the victim with a gun as alleged in the indictment. We agree with appellant's first point, but disagree with his second.

■ By his first point of error appellant complains of admission of an autopsy report prepared by Dr. Parks. This report was offered through the testimony of Dr. Rupp, his supervisor. The report states that the cause of death was a gunshot wound, as alleged in the indictment. The predicate laid by the state was one for admission of the report through the business records exception to the hearsay rule. TEX.R.CRIM.EVID. 803(6). Appellant timely objected to the report on hearsay and confrontation grounds.[1] It was admitted.

In *United States v. Oates*, 560 F.2d 45 (2d Cir.1977), like here, the question before the court was whether a document reflecting matters observed by "law enforcement personnel" is admissible without the declarant. The Second Circuit, recognizing the serious confrontation clause problems often raised by such evidence, the express language found in FED.R.CRIM.EVID. 803(8)(B)[2], and Congressional intent, held such matters inadmissible.

Following *Oates*, in *Cole*, the Court of Criminal Appeals held inadmissible on hearsay grounds portions of a record of chemical tests conducted on physical evidence of a rape because the author was not present. *See* TEX.R.CRIM.EVID. 803(8)(B). The record of chemical tests was tendered pursuant to TEX.R.CRIM.EVID. 803(6), the business records exception to the hearsay rule.

The State's motion for rehearing was granted in *Cole;* however, as of the date of our writing the Court of Criminal Appeals has not ruled.

■ The first issue presented in analyzing whether admission of the autopsy report violates TEX.R.CRIM.EVID. 803(8)(B) is whether a county medical examiner qualifies as "law enforcement personnel" within the scope of Rule 803(8)(B). In *Oates* and *Cole* neither Court had difficulty concluding that chemists who were employed by law enforcement agencies were "law enforcement personnel." The minimum standard for determining whether a particular declarant is "law enforcement personnel" is whether the declarant is "any officer or employee of a governmental agency which has law enforcement responsibilities." *Cole*, slip op. at 6 (citing *Oates*, 560 F.2d at 67–68).

In the instant case, the evidence showed that Rupp was the Nueces County Medical Examiner and Parks was the Deputy Medical Examiner. Medical examiners are charged by statute with the duty of holding inquests into the cause of death in cases in which death is caused by unlawful means. TEX.CODE CRIM.PROC.ANN. 49.25 § 6 (Vernon 1990). The medical examiner has a duty to report this information to the criminal district attorney for that county. *Id.* at § 9; *see* TEX.R.CRIM.EVID. 803(8)(B).

County medical examiners[3] who prepare reports evaluating the cause of death in anticipation of criminal litigation have continuing responsibilities and duties to law enforcement agencies. This continuing cooperative relationship between the law enforcement agency and the medical examiner is similar to that between the chemist and the law enforcement agency in *Cole*. The reports they produce fulfill the same function. Both parties routinely produce reports and analysis for law enforcement agencies essential to criminal prosecutions. These reports detail objective scientific

---

1. Appellant's point of error does not claim admission of this evidence violated the confrontation clause.

2. *See also* TEX.R.CRIM.EVID. 803(8)(B).

3. The issue is not whether autopsies are admissible in criminal proceedings under Rule 803(8)(B), but rather the admissibility of autopsy reports prepared by the county medical examiner under this rule. We do not address the admissibility of an autopsy report from another declarant.

facts, as well as subjective analysis relevant to criminal prosecutions.

The purpose behind the enactment of FED.R.CRIM.EVID. 803(8)(B) was to "make law enforcement and evaluative reports absolutely inadmissible against defendants in criminal cases when the authors of such reports were not available ..." *Cole,* slip op. at 6. Autopsies prepared by medical examiners, like reports prepared by chemists, may contain untrue, misleading, or overbroad hearsay declarations which could be clarified by cross examination of the declarant. In the context of criminal cases, Congress and the Texas Legislature have made a policy decision that such evaluative reports should not be admitted without the declarant. *Id; but see Manocchio v. Moran,* 919 F.2d 770, 777 (1st Cir.1990) *cert. denied,* — U.S. —, 111 S.Ct. 1695, 114 L.Ed.2d 89 (indicating that autopsy reports prepared by medical examiners are not necessarily excluded by Rule 803(8)(B), but that they may contain inadmissible matter).

We hold that the medical examiners in the instant case were "law enforcement personnel," thus the report should not have been admitted under TEX.R.CRIM.EVID. 803(8)(B) without the declarant.

■ The next issue is whether the report is admissible under another exception to the hearsay rule, such as the business records exception. TEX.R.CRIM.EVID. 803(6). This issue was addressed in *Cole* and *Oates.* In both cases the courts concluded that evidence excluded by Rule 803(8)(B) is not admissible through other exceptions to the hearsay rule, including the business record exception. Based on the reasoning behind Rule 803(8)(B), necessity of this result is obvious.

■ We hold that the trial court erred in admitting the autopsy report over appellant's hearsay objection. The next step in our analysis is to determine whether the error was harmless beyond a reasonable doubt. TEX.R.APP.P. 81(b)(2).

■ In *Harris v. State,* 790 S.W.2d 568, 586–88 (Tex.Crim.App.1989), the Court of Criminal Appeals articulated the proper standard of review for determining wheth-

er error in a criminal trial was harmless. Rule 81(b)(2) of the Rules of Appellate Procedure provides:

If the appellate record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgment under review, unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or punishment.

TEX.R.APP.P. 81(b)(2). The scope of review is the entire record. *Harris,* 790 S.W.2d at 586. The evidence is viewed in a neutral, impartial, and even-handed fashion, and unlike the legal and factual sufficiency standard of review, not in the light most favorable to conviction. *Id.;* (distinguishing *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)). Harmful error analysis does not merely focus upon whether sufficient evidence exists in the record to sustain the conviction, or whether overwhelming evidence of guilt exists. Rather, harmful error analysis in criminal cases is concerned with maintaining the integrity of the process. Our responsibility transcends merely determining whether the conviction was correct, *Harris,* 790 S.W.2d at 585, and involves determining whether the trial was fair. *See also* TEX. CONST. ART. I § 10.

■ To determine whether error is harmful this Court must examine the source, nature, and degree of the error. Additionally, this Court must determine whether declaring the error harmless would encourage further error. *Harris,* 790 S.W.2d at 585. We find the error harmless.

The source and nature of the error was admission of the autopsy report without the declarant. It was not a witness who had been instructed not to testify about a particular matter, or one who was improperly attempting to get prejudicial information in front of the jury. *See Hadden v. State,* 829 S.W.2d 838, 844–45 (Tex.App.— Corpus Christi, 1992, n.w.h.). The report was admitted after a ruling by the court.

The degree of the error was minimized by the fact that other evidence existed which conclusively established that the gun was the cause of death. The evidence at trial included direct testimony by several witnesses who were present indicating that the gunshot was the cause of death. They testified that appellant shot the victim, and immediately thereafter, the victim died. The integrity of the trial was not injured by admission of the autopsy report. *See Harris v. State*, 790 S.W.2d 568, 587 (Tex.Crim. App.1989). We believe, beyond a reasonable doubt, that it did not, and could not have materially affected the jury's determination of the cause of death or increased the punishment assessed. *Id.* at 587.

We therefore find the error harmless. TEX.R.APP.P. 81(b)(2). Appellant's first point is overruled.

 In point two, which we analyze under a different standard of review, appellant complains that there is no evidence to sustain the conviction without the autopsy report. As noted above, the State had to prove that the cause of death was the gun. Several eye witnesses testified that the victim died immediately after being shot, and that appellant killed the victim with a gun. We hold this evidence is sufficient under the appropriate standard of review, which is, whether any rational trier of fact, viewing all the evidence in the light most favorable to the verdict, could have found all the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Griffin v. State*, 614 S.W.2d 155, 158–59 (Tex.Crim.App.1981).

Appellant's second point of error is overruled. His conviction is AFFIRMED.